UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

IGOR ADAMOVICH,

Plaintiff,

v.

FIFE POLICE DEPARTMENT,

Defendant.

CASE NO. C26-5994 BHS

ORDER

THIS MATTER is before the Court following Magistrate Judge David Christel's Order granting pro se plaintiff Igor Adamovich's application to proceed *in forma pauperis*, based on his indigency, leaving to this Court evaluation of whether Adamovich's complaint asserts a plausible claim and should be served. Dkt. 3 (citing 28 U.S.C. § 1915(e)(2)(B)).

The Court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* at 1370 (citing *Rizzo v.*

*Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555).

Adamovich alleges he attempted to "apply for a job at Emish Market" and the owner "told [him] he did not like moldovians [sic]" and "had police drag [him] out of the store telling [him he] was not welcome to shop or work there." Dkt. 4-1 at 4. Adamovich also sued Emish Market in a separate case apparently arising out of the same incident. *See* No. C26-5987-BHS. Adamovich has in fact filed seven similar cases against various businesses in the past 15 months, all alleging discrimination based on his race.

Adamovich's complaint against the Fife Police Department does not assert or cite any law, and it does not plausibly allege a legal claim within this Court's subject matter

jurisdiction. It does not plausibly allege any facts permitting the Court to draw the reasonable inference that the Fife Police Department is liable for the misconduct alleged.

Ordinarily, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, when the facts are not in dispute and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

It is perhaps possible that Adamovich could plead facts plausibly stating a claim against the Fife Police Department, consistent with the sparse facts he has already alleged. Any amended pleading should identify the "who, what, where, when, why, and how" of a factual narrative describing a plausible claim under some articulated legal right or standard, over which this Court has subject matter jurisdiction. Adamovich should file an amended complaint **within 21 days**. If he does not, the matter will be dismissed without prejudice and without further notice.

**IT IS SO ORDERED**.

Dated this 23rd day of October, 2026.

BENJAMIN H. SETTLE
United States District Judge